# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 20, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ANDREA MORGAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-71V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Carol L. Gallagher*, Carol L. Gallagher Esquire, LLC, Somers Point, NJ, for Petitioner.
*Mitchell Jones*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On Andrea Morgan, ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 103). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$140,064.02.**

I. **Procedural History**

On January 15, 2019, Andrea Morgan ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on November 25, 2017, she developed Guillain-Barré syndrome ("GBS"), or alternatively that she suffered a significant aggravation of Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). *Id*. On March 28, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 98).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On July 13, 2023, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Ms. Carol Gallagher in the total amount of $144,149.02, representing $85,711.00 in attorneys' fees and $58,438.02 in costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioner warrants she has personally not incurred costs in pursuit of her claim. *Id.* at 85. Respondent reacted to the fees motion on July 13, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 108). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Petitioner requests the following rates for the work of her counsel, Ms. Carol Gallagher: $400.00 per hour for work performed in 2018, $424.00 per hour for work performed in 2019 - 2020, and $450.00 per hour for work performed in 2021 – 2023. These rates are consistent with what Ms. Gallagher has previously been awarded for his Vaccine Program work and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent

2

on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $85,711.00.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $58,438.02. This amount is comprised of acquiring medical records, the Court's filing fee, and work performed by Petitioner's medical experts, Dr. Sami Khella and Dr. Omid Akbari. Fees App. at 3. Petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable upon review with the exception of the hourly rates for Dr. Khella and Dr. Akbari.

Petitioner requests the hourly rate of $550.00 per hour for time billed for both Dr. Khella and Dr. Akbari, higher that what has previously been awarded for their work in the Vaccine Program. Both Dr. Khella and Dr. Akbari have been awarded the rate of $500.00. *See Bielak v. Sec'y of Health & Human Servs.,* No. 18-761V, 2023 WL 3742055, (Fed. Cl. Spec. Mstr. May 31, 2023); *Bristow v. Sec'y of Health & Human Servs.,* No. 19-457V, 2022 WL 17821111 (Fed. Cl. Spec. Mstr. Nov. 15, 2022). I find no reason to deviate from what has been previously awarded to these experts and petitioner has not offered any justification for such an increase and adjust their requested rates to $500.00 per hour. Petitioner is therefore awarded final attorney costs in the amount of $54,353.02.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $85,711.00 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$85,711.00** |
| | |
| Attorneys' Costs Requested | $58,438.02 |
| (Reduction of Costs) | - ($4,085.00) |
| **Total Attorneys' Costs Awarded** | **$54,353.02** |
| | |
| **Total Attorneys' Fees and Costs** | **$140,064.02** |

**Accordingly, I award the following: a lump sum in the amount of $140,064.02, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Carol Gallagher.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>/s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).